UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: DARVOCET, DARVON AND | ) | Master File No. 2: 11-md-2226-DCR |
| PROPOXYPHENE PRODUCTS | ) | MDL Docket No. 2226 |
| LIABILITY LITIGATION | ) | |
| | ) | |
| *Esposito v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-175-DCR |
| *Corso v. Teva Pharm. USA, Inc., et al.,* | ) | Civil Action No. 2:11-179-DCR |
| *Alix v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2:11-182-DCR |
| *Smith v. Mylan Pharmaceuticals, Inc., et al.,* | ) | Civil Action No. 2:11-183-DCR |
| *Gilbert v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2:11-184-DCR |
| *Hunsucker v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-185-DCR |
| *West v. Qualitest Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-186-DCR |
| *Trimboli v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-189-DCR |
| *Eldredge v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-190-DCR |
| *Kellehar v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-191-DCR |
| *Hallaway v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2:11-195-DCR |
| *Lowe v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-196-DCR |
| *Coney v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-197-DCR |
| *Rogers v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-200-DCR |
| *R. Knight v. Teva Pharm. USA, Inc., et al.,* | ) | Civil Action No. 2:11-201-DCR |
| *Oniate v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2:11-206-DCR |
| *Simpson v. Qualitest Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-210-DCR |
| *Lynch v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-213-DCR |
| *Turner v. Watson Pharm. (NJ), Inc., et al.,* | ) | Civil Action No. 2:11-221-DCR |
| *Dickerson v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2:11-295-DCR |
| *Labit v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-296-DCR |
| *Balben v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-297-DCR |
| *Forrest v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-298-DCR |
| *Noel v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-299-DCR |
| *Green v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-300-DCR |
| *Wheeler v. Xanodyne Pharm., Inc., et al.,* | ) | Civil Action No. 2:11-301-DCR |
| *Sandel v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2:11-325-DCR |
| *Miller v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2: 11-352-DCR |

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS'
MOTION TO AMEND MEMORANDUM OPINION AND ORDER
REGARDING GENERIC DEFENDANTS' MOTION TO DISMISS IN
ORDER TO CERTIFY RULING FOR INTERLOCUTORY APPEAL**

This matter is pending for consideration of the plaintiffs' motion to amend the Court's

Memorandum Opinion and Order entered March 5, 2012 [MDL Record No. 1305] in the above

28 cases[1] for the purpose of certifying its ruling concerning the dismissal of claims asserted

against the generic manufacturers and/or distributors of propoxyphene products for the purpose

of allowing the plaintiffs to seek review of this interlocutory ruling by the United States Court

of Appeals for the Sixth Circuit. [MDL Record No. 1597]  Having reviewed this motion, the

Court concludes that the relief sought should be denied.

In limited circumstances, a party aggrieved by a federal court's interlocutory decision

may seek appellate review.  One statutory avenue for seeking such relief of purely legal

questions provides that,

> [w]hen a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves a
> controlling question of law as to which there is substantial ground for difference
> of opinion and that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing in such order.
> The Court of Appeals which would have jurisdiction of an appeal of such action
> may thereupon, in its discretion, permit an appeal to be taken from such order, if
> application is made to it within ten days after the entry of the order: *Provided,
> however*, That application for an appeal hereunder shall not stay proceedings in

---

[1]  The Court's March 5, 2012, Memorandum Opinion and Order addressed motions filed by
various generic manufacturers and distributors in 34 cases.  Final judgments have now been entered
in six of those cases. [*See* Civil Action No. 2: 11-199-DCR, Civil Action No. 2-11-209-DCR, Civil
Action No. 2:11-212, Civil Action No. 2: 11-307-DCR, Civil Action No. 2: 11-311-DCR, and Civil
Action No. 2: 11-312-DCR.] The plaintiffs in three of those cases have filed a Notice of Appeal.
[*See* Civil Action No. 2: 11-199-DCR, Civil Action No. 2-11-209-DCR, Civil Action No. 2:11-212.]

the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Certification under § 1292(b) is a two-step process which involves close analysis by the district and appellate court. Further, it is reserved for truly exceptional circumstances. *Cardwell v. Chesapeake & Ohio R. R. Co.,* 504 F.2d 444 (6th Cir. 1974); *Kraus v. Bd. of Cnty. Road Comm'rs for Kent Cnty.,* 364 F.2d 919 (6th Cir. 1966).

In the present case, the plaintiffs do not seek to have the Court certify a discrete legal issue but, instead, its entire March 5, 2012, Memorandum Opinion and Order regarding the generic defendants' potential liability in following the Supreme Court's decision in *Pilva, Inc. v. Mensing,* 131 S.Ct. 2567 (2011).[2] They contend that the subject opinion clearly involves controlling questions of law because it "resulted in the immediate dismissal of every claim asserted against a generic manufacturer of propoxyphene that was the subject of the motion to dismiss" and that it would likely be extended to similar claims asserted against generic manufacturers.[3] Further, they argue that there is substantial grounds for a difference of opinion regarding the correctness of the Court's ruling.

While the undersigned agrees with the plaintiffs' contention that the March 5, 2012, Memorandum Opinion and Order involves a "controlling question" as that term is defined under

---

[2] Certification under § 1292(b) applies to the order certified to the appellate court, and not to the particular question formulated by the parties or the district court. Therefore, if certified, the appellate court could address any issue fairly included within the March 5, 2012, Memorandum Opinion and Order which is the subject of the plaintiffs' present motion. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (6th Cir. 2009)

[3] The Sixth Circuit has determined that "[if] resolution of the issue on appeal could materially affect the outcome of litigation in the district court," it may be considered a "controlling" question. *In re Baker & Getty Fin. Servs., Inc.,* 954 F.2d 1169, 1172 (6th Cir. 1992).

28 U.S.C. § 1292(b)), the Court cannot conclude in good faith that there is a substantial grounds for a difference of opinion regarding this ruling after *Mensing*. Likewise, the Court disagrees with the plaintiffs' assertion that certification would materially advance termination of this multi-district litigation. Final judgments have been entered in several cases and the plaintiffs in a number of those cases have filed direct appeals with the Sixth Circuit. Nothing prevents the plaintiffs in those cases from seeking to expedite and/or to consolidate their appeals following entry of final judgments. While there would be some degree of cost savings associated with a certification order *if* combined with an order staying this litigation pending a final determination by the Sixth Circuit, the same argument can be advanced in most cases with any degree of complexity. This Court does not find such a procedure to be a preferable or acceptable option in light of the need to move this litigation forward as expeditiously as is practical. Accordingly, it is hereby

**ORDERED** that the plaintiffs' motion to amend this Court's Memorandum Opinion and Order Regarding Generic Defendants' Motions to Dismiss in order to certify its ruling for interlocutory appeal [Record No. 1597] is **DENIED**.

This 27th day of April, 2012.



Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**

-4-